IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,382-01






EX PARTE ANTHONY DWAYNE JONES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR2001-019-1 IN THE 22ND JUDICIAL DISTRICT COURT


FROM COMAL COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to forgery, and
originally received deferred adjudication community supervision. His guilt was later adjudicated,
and he was sentenced to three years' imprisonment. 

 Applicant contends that he was denied adequate notice that he would be considered for
release on mandatory supervision by the Texas Board of Pardons and Paroles under the discretionary
mandatory-supervision statute, Tex. Code Crim. Proc. art. 42.18, § 8(c). Specifically, Applicant
alleges that he was considered for, and denied release on a date prior to his projected release date. 
See Ex parte Geiken, 28 S.W.3d 553, 560 (Tex. Crim. App. 2000); Ex parte Retzlaff, 135 S.W.3d
45, 47 (Tex. Crim. App. 2004). Applicant also alleges that he has not received written notice of the
reasons for the decision to deny release. Greenholtz v. Inmates of Neb. Penal & Correctional
Complex, 442 U.S. 1, 16 (U.S. 1979).

 The trial court originally recommended denying relief because Applicant has not submitted
his claim to the time credit resolution system of TDCJ. However, the exhaustion requirement for
time credit claims is not applicable in this case. Applicant's claim is not a time credit claim, but one
of denial of due process. Applicant has alleged facts that, if true, might entitle him to relief. 

 This Court remanded to the trial court to obtain findings of fact and supplemental information
addressing Applicant's claim. After remand, this Court received a copy of a judgment nunc pro
tunc granting credit for pre-sentencing jail time. However, additional facts are needed relevant to
Applicant's due process claim. 

 As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for findings of fact. The trial court shall order the Texas Department
of Criminal Justice's Office of General Counsel to file an affidavit stating when Applicant became
eligible for release to mandatory supervision, if and when he was informed that he was in the review
process, when he was reviewed for mandatory supervision, and when he was informed of the
decision to deny release. The affidavit shall also state whether Applicant was provided with written
notice of the reasons for the decision to deny release. The affidavit shall be accompanied by copies
of any notices sent to Applicant informing him that he was in the review process, notifying him of
his ability to submit materials on his own behalf, and/or notifying him of the Board's decision. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in that it may also
order depositions, interrogatories or a hearing. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant was afforded adequate
notice that he would be considered for release on mandatory supervision by the Texas Board of
Pardons and Paroles under the discretionary mandatory-supervision statute. Ex parte Retzlaff, 135
S.W.3d 45 (Tex. Crim. App. 2004). The trial court shall also make findings as to whether Applicant
received written notice of the reasons for denying release to mandatory supervision, if in fact such
a decision was made. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 30 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 60 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: March 19, 2008

Do not publish